UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIEVES ROCHA, Individually and : 
as the Personal Representative of the :
Estate of OSCAR ROCHA, Deceased, :
:
          Plaintiff, :   Case No. 1:14-cv-01136 (RC)
:
v. :
:
BROWN & GOULD, LLP, :
DANIEL A. BROWN and :
DAVID M. LIPMAN, P.A., :
:
          Defendants. :

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

Plaintiff Nieves Rocha, through counsel, has moved the Court to remand this litigation to the Superior Court for the District of Columbia. As grounds for her motion, Plaintiff avers the following.

**FACTS**

On June 9, 2014, Plaintiff commenced this legal malpractice action in Superior Court against her former counsel in a product liability survival and wrongful death action that Defendants failed to file on time in a proper forum. Complaint, Dkt. # 1-1 at ¶¶ 1-47.

On June 10, 2014, Defendants Brown & Gould, LLP and Daniel A. Brown (collectively the "B&G Defendants") were personally served with the Superior Court "Summons, Complaint, and Initial Order and Addendum with Exhibits."

*See* Affidavits of Service, filed June 13, 2014, attached as Exhibits 1 and 2. On June 13, 2014, Defendant David M. Lipman, P.A. ("Lipman") was personally served with the "Summons, Complaint, and Initial Order and Addendum with Exhibits." *See* Affidavit of Service, filed June 20, 2014, attached as Exhibit 3.

On June 22, 2014, Plaintiff Rocha filed her First Amended Complaint in the Superior Court proceeding. *See* June 22, 2014 Super. Ct. Dkt. entry, attached as Exhibit 4. Under District of Columbia (and federal) practice, the amended complaint superseded the original pleading. *District of Columbia Dep't of Pub. Works v. L.G. Indus., Inc.*, 758 A.2d 950, 957 (D.C. 2000). "The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*." *Id*. (quoting *Nisbet v. Van Tuyl,* 224 F.2d 66, 71 (7th Cir. 1955)).

On July 3, 2014, the B&G Defendants filed a Notice of Removal in this Court, based upon diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b). The operative statute, 28 U.S.C. §1446, required the B&G Defendants to file their notice of removal within thirty-days of their receipt of the complaint (*i.e.*, by July 11, 2014) *See* 28 U.S.C. §1446(b)(1). As part of that filing, the statute, 28 U.S.C. § 1446(a), required the attachment to the notice of removal of "a copy of ***all process, pleadings,*** *and* ***orders*** *served upon . . . defendant*" in the Superior Court action (emphasis supplied).

The B&G Defendants violated the strictures of § 1446(a) by failing to include with their removal notice the Superior Court "***pleading***[]," "***process***" and "***order***[]" with which they had been served and which the statute unequivocally demanded; specifically: (1) the First Amended Complaint, (2) Summons and (3) Initial Order and Addendum. Defendants only attached a copy of the original complaint to the removal notice, which was patently insufficient and contrary to law.

## ARGUMENT

The "limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "It is axiomatic that '[f]ederal courts are courts of limited jurisdiction and therefore the law presumes that a cause lies outside of the court's limited jurisdiction.'" *Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP*, 2008 WL 2690731, *2 (D.D.C. July 2, 2008) (Lamberth, J.) (quoting *Julien v. CCA of Tenn., Inc.,* 268 F.Supp. 2d 19, 21 (D.D.C. 2003) (Urbina, J.)).

"Courts in this circuit have construed removal jurisdiction strictly favoring remand where the propriety of removal is unclear." *Ballard v. D.C.*, 813 F. Supp. 2d 34, 37-38 (D.D.C. 2011) (Roberts, J.). The presumption against removal means that the defendant always has the burden of establishing that removal is proper. *See Carmen Grp., Inc. v. Xavier Univ. of Louisiana*, 2014 WL 1759604 (D.D.C.

3

May 5, 2014) (Cooper, J.) ("If the plaintiff moves to remand the case to a state court, the defendant bears the burden of proving federal jurisdiction.") "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp. 2d 1260, 1264 (D. Or. 2001); *Schwartz v. FHP Int'l Corp.*, 947 F.Supp. 1354, 1360 (D. Ariz. 1996).

If the defendant cannot meet its burden, the court must remand the case. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Nat'l Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F.Supp. 100, 101 (D.D.C. 1985) (Flannery, J.). Moreover, "the court must resolve any ambiguities concerning the propriety of removal in favor of remand." *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) (Urbina, J.).

There is a split of authority with regard to whether a timely objection to a procedural defect in filing for removal requires remand under Section 1447(c). Neither the D.C. Circuit nor a member of this Court appears to have addressed this issue.

The first line of authority adheres closely to the principle that removal statutes are construed against the removing party. S*ee e.g., Kisor v. Collins*, 338 F. Supp.2d 1279, 1280–81 (N.D. Ala. 2004) (remanding case to state court when defendant failed to attach a copy of the summons to the notice of removal); *Employers–Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of*

*Am.*, 2005 WL 1653629, *4 (D. Or. July 6, 2005) (finding remand required due to defendant's failure to attach exhibits to the state court complaint to notice of removal within the thirty-day removal period); *Comtrade Limited v. United States*, 2005 WL 5643875, *1 (S.D. Fla. 2005) (removal was defective due to absence of state court papers); *Curry v. Royal Palm Sav. Ass'n*, 713 F. Supp. 388, 389 (S.D. Fla. 1989).

With this principle in mind, these courts have held that the federal district court does not have the discretion to deviate from § 1446(a)'s requirement that the removing party file *all* of the required state court papers with the notice of removal. This approach recognizes that Congress, as the longstanding fount of jurisdiction, knows how to say "one" or "most" but instead chose to use the word "all" in drafting § 1446. These cases also honor the "well-established" principle "that § 1446(b)'s thirty-day filing period, while not jurisdictional, is *mandatory* and failure to comply with it will defeat a defendant's removal petition." *Nicola Products Corp. v. Showart Kitchens, Inc.*, 682 F. Supp. 171, 172 (E.D. N.Y. 1988) (emphasis supplied).

The second approach holds that the district court is not required to grant a motion to remand for failure to file the state court papers listed in § 1446(a). Under this approach, failure to file a state court document is a procedural defect that the district court may, in its discretion, permit the removing party to remedy so long as the defect is "*de minimis*" (typically, the lack of a summons). *See e.g.*,

*Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011) (citing cases); Y*ellow Transp., Inc. v. Apex Digital, Inc.,* 406 F.Supp. 2d 1213, 1218 (D. Kan. 2005) ("whether to allow the removing party to cure its failure to file state court records is a matter committed to the discretion of the district court.")

The Court need not resolve which line of cases to follow, since both favor remand here.

If the *Kisor* line is applied*,* then remand is mandatory.  There is no question that the B&G Defendants failed to meet their burden of showing that they complied with the procedural requirements for removal within the thirty-day period for removal.  Defendant Lipman also had thirty-days from its receipt of the summons and orginal complaint to remove this action on its own or cure the defects in the B&G Defendants' removal notice.  *See* 28 U.S.C. § 1446(b)(2)(B)-(C).  But Lipman failed to act before its window to remove or cure closed on July 14, 2014.

The B&G Defendants' nearly plenary failure to comply with § 1446(a) cannot fairly be deemed *de minimis*.  Defendants ignored the explicit requirements of § 1446(a) by omitting three of the four Superior Court papers that the statute required to be filed.  It is also undisputed that the B&G Defendants failed to cure the defects before the thirty-day deadline to do so expired on July 11, 2014.  The defects should have been obvious to Defendants had they acted with the care and diligence expected of attorneys when they prepared the notice of removal. "[T]he

provisions of § 1446(a) would be virtually meaningless if a removing defendant can cure its procedural error at any time before an order of remand is entered." *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007).

Under these circumstances, directing the remand of the instant litigation to the Superior Court is in line with the D.C. Circuit's practice of strictly construing statutes against removal jurisdiction and requiring removing defendants to comply with the straightforward procedural requirements for removal.

## CONCLUSION

For the foregoing reasons, the Court should remand this case to the Superior Court for the District of Columbia. A proposed order follows.

Respectfully submitted.

*/s/ Peter T. Enslein*
Peter T. Enslein #367467
peter@ensleinlaw.com
Law Offices of Peter T. Enslein, P.C.
1738 Wisconsin Avenue, NW
Washington, DC 20007
(202) 329-9949

*/s/ Catherine D. Bertram*
Catherine D. Bertram #425052
bertram@williamsbertram.com
Williams Bertram
1666 Connecticut Avenue, NW #250
Washington, DC 20009
(202) 462-5902 direct dial
(202) 462-5904 fax
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on July 16, 2014, a copy of the foregoing was served on all counsel of record *via* the CM/ECF system.


*/s/ Peter T. Enslein*
Peter T. Enslein