IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIEVES ROCHA, individually and          )
As the Personal Representative of the   )
Estate of OSCAR ROCHA, Deceased,        )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )        CASE NO.:  1:14-CV-01136-RC
                                        )        JUDGE:  Rudolph Contreras
BROWN & GOULD LLP, *et al.*,            )
                                        )
          Defendants.                   )
                                        )

## DEFENDANTS BROWN & GOULD, LLP AND DANIEL A. BROWN ("B&G DEFENDANTS") MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff's Motion to Remand raises a procedural issue only and does not, under the clear majority rule or the specific facts of this case, require remand of the case to the District of Columbia Superior Court.  Section 1446 contains both jurisdictional and procedural requirements for removal.  The jurisdictional requirements include complete diversity and minimum amount in controversy.  The procedural requirements include the attachment of the process, pleadings and orders from the state court.

Defendants do not dispute that the omitted documents are technically part of the record to be transmitted to this Court on removal and the failure to include them was an oversight. However, as argued below, the omitted Amended Complaint is a **verbatim** repetition of the initial Complaint attached to the removal petition and the remaining omitted documents are formal initial suit papers the omission of which added no burden to this Court on removal with regard to the issues to be tried in this case.  **Further, within 30 days from initial service of the**

1

**Complaint and within five days of the removal petition, the <u>entire record</u>, including all of the items at issue here, were transmitted to and received by this Court by the Clerk of the Superior Court of the District of Columbia.** <u>See</u> Exhibit A, attached hereto.  Thus, in every possible, substantive, meaningful way, the purpose and effect of the requirement to provide this Court upon removal with the state court record was complied with. *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1217-19 (D. Kan 2005) ("It has been stated that the requirement that a removing party file all of the required state court papers 'is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried.' [*citing Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967)].... the Court finds that "[t]he failure was inadvertent and trivial . . . [,] did not unduly burden the court or reflect the complete failure to follow the removal procedure[, and] plaintiff has suffered absolutely no prejudice whatsoever from the defect." ).

To the extent there is any doubt about an effective cure of a procedural issue, the initially omitted papers – already provided to this Court by the D.C. Superior Court Clerk -- are being filed again together with a Motion by the B&G Defendants to Amend and Supplement the Notice of Removal.  *See, Molnar-Szilasi v. Sears Roebuck and Co.*, 429 F. Supp. 2d 728, 730 (D. Md. 2006) ("Despite the strict construction of removal statutes, it is not always necessary for a federal court faced with a technically defective removal petition to remand the case to state court. In certain cases, courts allow amendment of removal petitions where the imperfection in the jurisdictional allegation is a 'mere technical defect.'"). In *Molnar-Szilasi*, the Court rejected a motion to remand and granted a motion to amend a notice of removal to more clearly assert requisite jurisdictional facts. *Id.* at 731; *see also, Dri Mark Prods., Inc. v. Meyercord Co.*, 194 F. Supp. 536, 538 (S.D.N.Y. 1961) (noting defect cured where defendant filed the required exhibits

along with its opposition to the motion to remand) ("Omissions which are merely formal or modal do not affect the right to remove and such technical defects may be subsequently remedied. [Citations omitted] **Defendant has already cured the defect by filing the physical exhibits along with the papers in opposition to the motion to remand**.") (emphasis added); *Davis & Assocs., PC v. Westchester Fire Ins. Co.*, 2011 U.S. Dist. LEXIS 109042 *4-6 (D. Colo 2011) ("The plaintiffs argue that the defendants' Supplement To Notice of Removal, in which the defendants sought to cure these defects, is ineffective because it was filed after the 30 day window in which a notice of removal may be filed....In the present case, the fact that the defendants' notice of removal in this case did not include copies of the returns of service, plaintiffs'...motion for default judgment, the proposed order, and the exhibits filed with the motion for default judgment, all filed in the state court, constitutes a minor defect that did not prejudice the plaintiffs or materially impair this court's ability to proceed with the case. The defect was cured in the Supplement To Notice of Removal.... I conclude that the plaintiffs' Notice of Removal and Supplement To Notice of Removal effectively satisfy the requirement that the notice of removal include "all process, pleadings, and orders served upon such defendant or defendants in such action." § 1446(a).")

Under the rule established by a majority of cases that have considered the issue, a failure to include all of the state court filings in the removal petition is not a required grounds for remand. *See Yellow Transp., Inc. v. Apex Digital, In*c., 406 F. Supp. 2d 1213, 1215-17 (D. Kan. 2005) ("The predominant view is that the removing party's failure to file the required state court

papers is 'curable in the federal courts if there is a motion to remand.'") (*citing* 14C Charles Alan

Wright et al., *Federal Practice & Procedure* § 3733, at 350-51 (3d ed. 1998)).[1]

It is clear that with regard to remand, Section 1447 itself distinguishes between the

mandatory nature of the jurisdictional prerequisites to removal and the procedural requirements

which may be amended, waived or supplemented.

> [U]nder the statute, failure to submit all state court documents does not mandate
> remand: Significantly, the second sentence of § 1447(c) states that the district
> court "shall" remand the case for lack of subject matter jurisdiction. The district
> court has no discretion in this respect. Notably absent from the first sentence of
> the statute, however, is any indication of the extent to which the court must or
> should remand the case based on non-jurisdictional defects. *Yellow Transp.,* 406
> F. Supp. 2d at 1218. Because jurisdictional defects go to the heart of the district
> court's authority, the statute does not allow the district court to exercise its
> discretion with respect to jurisdictional issues. **Procedural defects such as
> failure to attach a summons, on the other hand, are not central to the district
> court's authority. The statute recognizes the distinction between
> jurisdictional and procedural defects by providing the district court with
> discretionary authority to retain jurisdiction only when faced with a
> procedural defect in filing the notice of removal.** *Id.* at 1217-19.

---

[1] As stated in *Walton v. Bayer Corp. (In re Yasmin & Yaz (Drospirenone)*, 692 F.
Supp. 2d 1025, 1030 (S.D. Ill. 2010):
> The predominant view is that the removing party's failure to file the required state
> court papers is 'curable in the federal courts if there is a motion to remand.'" *See
> Yellow Transp., Inc. v. Apex Digital, Inc.* 406 F. Supp. 2d 1213, 1214 -1216 (D.
> Kan. 2005) *quoting* 14C Charles Alan Wright et al., Federal Practice & Procedure
> § 3733, at 350-51 (3d ed.1998). *See e.g. Usatorres v. Marina Mercante
> Nicaraguenses, S.A., 768 F.2d 1285 (11th Cir. 1985)* (failure to file state court
> papers required by removal statute can be remedied); *Covington v. Indemnity
> Insurance Co. of North America,* 251 F.2d 930, 933 (5th Cir. 1958) (failure to
> attach copies of state court papers to removal petition was a "mere modal or
> procedural defect" which could later be cured and did not require remand); *Riggs
> v. Fling Irr., Inc.,* 535 F. Supp. 2d 572 (W.D. N.C. 2008) (failure to attach
> summonses and other state court papers was curable); *Boyce v. St. Paul Fire &
> Marine Ins. Co.,* Case No. 92-6525, 1993 U.S. Dist. LEXIS 728, 1993 WL 21210,
> at *3 (E.D. Pa. Jan. 28, 1993) (noting procedural defect was remedied when the
> court received a copy of the state court records); *Dri Mark Prods., Inc. v.
> Meyercord Co.,* 194 F. Supp. 536, 538 (S.D.N.Y. 1961) (noting defect cured
> where defendant filed the required exhibits along with its opposition to the motion
> to remand).

*Young v. Cmty. Assessment & Treatment Servs.*, 2007 U.S. Dist. LEXIS 82288*6  (N.D. Ohio 2007) (emphasis added).[2]

In addition to the statutory language, the legislative history of the 1987 amendment to section 1447(c) also supports the majority view that no mandatory remand is required for mere procedural issues. *Young supra* at *13-14 ("The majority view's reading of § 1447(c) is fully supported by the legislative history to the 1988 amendments to the statute.  Congress listed "simplify[ing] the 'pleading' requirements for removal as one of the general purposes of amending the removal procedure statute....  Nothing in this legislative history suggests that Congress intended to *require* the district court to grant *all* motions to remand on the basis of a procedural defect that are filed within the thirty day window.  The legislative history states that remand on the basis of a procedural defect must be "*sought*" within 30 days; it does not say that a timely motion to remand on the basis of a procedural defect must be granted.").

_____

[2]    This statutory analysis in *Young* effectively counters the cases relied on by Plaintiff such as  *Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Sur. Co. of Am.*, 2005 U.S. Dist. LEXIS 38971 (D. Or. July 6, 2005) (where the Court felt constrained by its view of the statutory language to require remand based on a procedural omission of parts of a state court record).  As the Court in *Young, supra* at *11-12 noted:

First, while the second sentence of § 1447(c) uses the word "shall" to *mandate* remand for lack of subject matter jurisdiction, Congress did not use the word "shall" in the first sentence of the statute addressing procedural defects. In fact, the first sentence is not addressed to the district court, but to the non-removing party.  With this in mind, the plain language of the statute does not *mandate* remand based on a procedural defect.  Similarly, Young's waiver argument is based on a logical fallacy; although the statute does establish that a party who fails to object to a procedural defect within thirty days of removal waives the defect, it does not necessarily follow that timely objection to the defect *mandates* remand.

Second, interpreting the first sentence of § 1447(c) as permitting the district court to retain jurisdiction does not deprive it of all meaning. Instead, the purpose of the sentence is to establish a deadline for objections to defects in the removal procedure.  After thirty days, the non-removing party may not object to a procedural defect.  In contrast, the second sentence indicates that there is no time limit on an objection based on subject matter jurisdiction.

In this case the majority rule permitting discretion and cure with regard to procedural defects in removal related to the state filing attachments makes eminent sense, inasmuch as the "Amended Complaint" which was not attached to the Notice of Removal in fact **did not add, delete or amend a single word in a single substantive paragraph of the original Complaint which was attached to the petition for removal**. The entirety of the changes in the "Amended Complaint" consisted of (1) changing the name of one defendant in the style of the case from "The Lipman Law Firm" to "David M. Lipman, P.A.;" (2) adding one sentence to the preliminary paragraph (5) identifying the Lipman Law firm; and (3) adding to the signature block an e-mail address for the attorney for plaintiff. **Every word of every substantive paragraph of the Complaint and Amended Complaint are the same and are contained in identically numbered paragraphs**. It would in every sense of the term be glorifying form over substance to remand a case where jurisdiction is undisputed because a virtually identical copy (merely denominated as "Amended") of an attached Complaint was not also attached to the removal petition.[3]

> The directive of § 1446(a) that "a copy of all process, pleadings and orders" served upon him in the state court action be lodged in the district court by the party removing the action is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried.... **The omitted complaint is substantially identical with the complaint in the companion Charles Edward Riehl action,** and there was actual identity of issues in the consolidated trial of the two actions. **In this context the omission was but a minor irregularity of no consequence. The basic purpose of the § 1446(a) directive was neither frustrated nor unfulfilled. To permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance. We conclude that the**

---

[3]        For obvious reasons Plaintiff's reliance on *Comtade v. United States*, 2005 U.S. Dist. LEXIS 40150*2 (S.D. Fla. 2005) is distinguishable.  In that case the removing party apparently filed **no** state court pleadings whatsoever with its removal petition. *Id.* ("because the defendant failed to attach a copy of the pleadings filed in state court to the notice of removal, the Clerk of the Court refused to file the notice of removal and returned all documents to the defendant.").

District Court did acquire jurisdiction over the subject matter of Gertrude Riehl's action against the defendant

*Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) (emphasis added).[4]

Indeed, not only is the defect pointed out in this case procedural and of no substantive import to the case or burden on the Court, the alleged "defect" is subject to cure and was in fact "cured" when the Clerk of the Superior Court transmitted to this Court on July 8, 2014 (within 30 days of the initial service on the B&G Defendants) the entire record -- including all of the documents complained of here. *Riggs v. Fling Irrigation, Inc.*, 535 F. Supp. 2d 572, 579 (W.D. N.C. 2009) (emphasis added) ("Defendants did not attach seven other pieces of process, including the Applications and Orders and Summonses with which they had been served") ("While there may be some case law to support Plaintiff's argument, the majority approach is that the defect is merely procedural and that this particular procedural defect may be cured. [Citations omitted]. Indeed, Plaintiff has already corrected the defect by attaching the missing documents as exhibits to its Motion to Remand. **The Court sees no reason why this "minor irregularity" should defeat Defendants' Notice of Removal and believes that to remand for this reason alone, when the parties and the Court now have all the pertinent filings, would indeed 'elevate form over substance.'** *Riehl*, 374 F.2d at 742.").

Plaintiff relies on *Kisor v. Collins,* 338 F. Supp. 2d 1279 (N.D. Ala. 2004) and *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290 (N.D. Ala. 2007) to support her

---

[4]     The remaining documents referenced by Plaintiff, *i.e.*, the summons and Initial Order of the DC Superior Court are clearly *pro forma* documents, the omission of which from the initial removal papers (and subsequent provision to this Court by Defendants and the Clerk of the Superior Court in transmitting the record to this Court) imposes no additional burden on this Court. *Yellow Transp., Inc.*, 406 F. Supp. 2d, *supra*, at 1218 ("this court can see no valid reason for remanding this case solely because the defendant failed to attach the summons to the notice of removal. The failure was inadvertent and trivial. In and of itself, the failure did not unduly burden the court or reflect the complete failure to follow the removal procedure that typically leads to remand orders…".).

view that remand is all but mandatory.  But even in the jurisdiction where these decisions were issued, the rule requiring remand is recognized as a distinctly minority view.[5]  *Nichols v. Healthsouth Corp.,* 2013 U.S. Dist. LEXIS 138751 *13 (N.D. Ala. 2013) ("*Kisor* and *Andalusia Enterprises* represent the minority viewpoint on this issue.").  In *Nichols,* the Court adopted the majority, discretionary standard set forth in *Yellow Cab. Id.*

In the end there is no reason to order a remand based on the statute, legislative history, the majority case law or, in this case, the common sense fact that the omission highlighted involves an Amended Complaint (timely provided to the Court) that is the mirror image of the Complaint provided to the Court with the removal petition.  There is certainly no prejudice to Plaintiff and there is no inconvenience to the Court as a result of the oversight – (although counsel for the B&G Defendants apologizes to the Court and the parties for the inadvertent oversight in not including the documents in the original petition.)

Based on all of these considerations, the B&G Defendants respectfully request that this Court exercise its discretion and deny the Motion to Remand.

---

[5]     Similarly, in Florida, where the Plaintiff cites to a remand decision in *Curry v. Royal Palm Sav. Ass'n,* 713 F. Supp. 388 (S.D. Fla. 1989), other federal courts in that same state have vigorously opposed such a rigid interpretation of section 1446 recognizing the legal and common sense force of a more discretionary approach in dealing with procedural deficiencies regarding the transmission of the state record.  *See, e.g., Likely v. Tricon Global Rests., Inc.,* 2006 U.S. Dist. LEXIS 80544*9-10 (N.D. Fla. 2006):

The court also rejects Likely's contention, which she supports in part by citation to *Kisor v. Collins,* 338 F. Supp. 2d 1279, 1280-81 (N.D. Ala. 2004), and *Burnett v. Birmingham Board of Education,* 861 F. Supp. 1036 (N.D. Ala. 1994), that the notice of removal is irremediably defective due to defendants' failure to attach copies of the summonses.  The *Kisor* and *Burnett* decisions were authored by the same district judge, who rigidly interpreted § 1446(a) as requiring remand for lack of jurisdiction when summonses were not timely filed with the notice of removal. Most courts and commentators, however, have taken the view that "mere modal or procedural defects are not jurisdictional" and are "completely without effect upon the removal, if the case is in its nature removable." *Covington v. Indemnity Ins. Co. of North America,* 251 F.2d 930, 932-33 (5th Cir. 1958).

BROWN & GOULD, LLP and
DANIEL A BROWN
By counsel


_____ /s/J. Jonathan Schraub _____
J. Jonathan Schraub (#950816)
Sands Anderson PC
1497 Chain Bridge Road
Ste. 202
Mclean, VA 22101
 (703) 893-3600
(703) 893-8484 (fax)
jjschraub@sandsanderson.com
*Counsel for Defendants Brown & Gould, LLP and
Daniel A. Brown*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing OPPOSITION TO
MOTION FOR REMAND was served on all counsel of record via the CM/ECF system.


_____ /s/J. Jonathan Schraub _____
J. Jonathan Schraub