UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NIEVES ROCHA, Individually and as the Personal Representative of the Estate of OSCAR ROCHA, Deceased, | : : : : | | |
| Plaintiff, | : : | Civil Action No.: | 14-1136 (RC) |
| v. | : : | Re Document Nos.: | 8, 10 |
| BROWN & GOULD, LLP, DANIEL A. BROWN, and DAVID M. LIPMAN, P.A., | : : : : | | |
| Defendants. | : | | |

## MEMORANDUM & ORDER

### DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO AMEND THE NOTICE OF REMOVAL

### I. INTRODUCTION AND BACKGROUND

On June 9, 2014, plaintiff, Nieves Rocha, individually and as the personal representative of the estate of Oscar Rocha, commenced a legal malpractice action against the law firm Brown & Gould, LLP, attorney Daniel A. Brown, and David M. Lipman, P.A. in the Superior Court of the District of Columbia. The next day, defendants Brown & Gould and Daniel Brown were served with the Superior Court summons, complaint, and initial order and addendum. Three days later, defendant David Lipman was served with the same documents. On June 22, plaintiff filed a first amended complaint in the Superior Court that largely mirrored the original complaint, and on July 3, Brown & Gould and Daniel Brown filed a notice of removal in this Court based on diversity jurisdiction. The notice included a statement that Lipman consented to the removal.

Defendants, however, failed to include with their notice of removal a copy of several documents from the Superior Court proceeding, which, they concede, violated 28 U.S.C. § 1446(a). Specifically, defendants did not include with their removal notice a copy of the first amended complaint, the summons, and the initial order and addendum. Plaintiff subsequently filed a timely motion to remand on July 16, 2014, requesting the Court to send this case back to the Superior Court due to defendants' error. But for the reasons set forth below and in accordance with the majority of federal courts that have addressed this issue, the Court will deny plaintiff's motion to remand.

## II. ANALYSIS

A civil action filed in state court may be removed to a United States district court if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1446(a) sets forth some of the basic procedural requirements for a defendant to follow when attempting to remove such an action. Specifically, this section instructs that a defendant

> desiring to remove any civil action from a State court[1] shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, **together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action**.

*Id.* § 1446(a) (emphasis added). It is undisputed that in this case, defendants failed to comply with the letter of § 1446(a) by not including with their original notice of removal a copy of the first amended complaint, the summons, and the initial order and addendum, all of which were part of the Superior Court record. *See* Defs.' Mem. Opp'n Mot. Remand, ECF No. 9, at 1. Instead, defendants argue that their mistake constitutes a procedural error that does not require

---

[1] The Superior Court of the District of Columbia is treated as a state court for purposes of removal. *See* 28 U.S.C. § 1451.

remand to the Superior Court. Plaintiff, on the other hand, argues that defendants' error is fatal to the removal and remand therefore is appropriate.

Although "removal statutes are to be strictly construed," *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997), that does not mean every defect in the removal procedure under § 1446(a) requires remand as a matter of law. Admittedly, a few federal district courts have interpreted § 1446(a) as demanding absolute compliance such that a defendant's failure to include one document from the state court record — despite no actual prejudice to any party, including the court itself — requires remand.[2] But with the question not yet having been addressed directly in this Circuit, the Court disagrees that a draconian application of § 1446(a) is required such that a minor, often inconsequential error in not attaching all the state court paperwork necessitates the disproportionate sanction of denying federal jurisdiction to a defendant. Instead, the Court sides with the majority of federal courts which have held that failure to include documents from the state court record under § 1446(a) is a procedural error that does not require remand and that can be cured at the federal court, even after expiration of the thirty-day removal period.[3]

---

[2] *See, e.g.*, *Emp'rs-Shopmens Local 516 Pension Trust v. Travelers Cas. & Sur. Co. of Am.*, No. 05-444, 2005 WL 1653629, *4 (D. Or. July 6, 2005) (remand is required due to defendant's failure to attach exhibits from the state court complaint within the thirty-day removal period); *Comtrade Ltd. v. United States*, No. 05-80729-CIV, 2005 WL 5643875, *1 (S.D. Fla. 2005) (removal was defective due to absence of state court papers); *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1280-81 (N.D. Ala. 2004) (remanding when defendant failed to attach a copy of the summons to the notice of removal).

[3] *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (failure to include summonses was "totally inconsequential defect" that did not deprive district court of jurisdiction); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011) (failure to attach summons constituted *de minimis* procedural defect that did not necessitate remand, and that defect was curable, either before or after expiration of the thirty-day removal period); *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) ("[T]he failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect."); *Covington v. Indem. Ins. Co.*, 251 F.2d 930, 932-33 (5th Cir. 1958)

Indeed, among the category of procedural mistakes a defendant potentially could make when removing an action, failing to include certain state court papers usually will qualify as *de minimis* at best. This is because in most instances, such as here, the error causes no prejudice to any party, does not delay proceedings in the federal forum, and is easily curable by a defendant filing a supplement with the correct paperwork — which is exactly what defendants have done in this case through their motion for leave to amend the notice of removal, which the Court grants.[4] *See generally* Defs.' Mot. Amend Notice Removal, ECF No. 10.

---

(failure to include "a copy of all process, pleadings and orders" was a mere procedural defect, not a jurisdictional defect necessitating remand, and missing state court papers could be supplied later); *Griffin v. JPMorgan Chase Bank, N.A.*, No. 2:13-CV-10002, 2013 WL 2237974, at *2 (E.D. Mich. May 21, 2013) ("While JPMorgan's failure to include a copy of its summons among the removal papers was certainly an error, its error was procedural — not jurisdictional…. Such a *de minimis* procedural error is curable in federal courts, even after expiration of the thirty-day removal period."); *McWilliams v. Broderick*, No. 1:11CV519, 2011 WL 2669969, at *3 (E.D. Va. July 7, 2011) (denying motion to remand because failure to include state court summons was inadvertent and trivial, did not unduly burden the court, and did not prejudice plaintiff); *Presnell v. Cottrell, Inc.*, No. 09-CV-656, 2009 WL 4923808, at *5 (S.D. Ill. Dec. 14, 2009) ("The omission of documents required to be filed with the notice of removal does not require remand if the Court is able to determine its jurisdiction from the documents filed and the plaintiff is not prejudiced by the omission."); *Wood v. City of Lanett*, 564 F. Supp. 2d 1317, 1320-21 (M.D. Ala. 2008) (failure to attach various state court filings was not jurisdictional defect and did not require remand); *Riggs v. Fling Irr., Inc.*, 535 F. Supp. 2d 572, 578-79 (W.D.N.C. 2008) (failure to attach state court documents was a curable procedural defect that caused no prejudice); *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 711-12 (E.D. Tex. 2007) (failure to include copy of process was correctable procedural defect that did not require remand); *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1219 (D. Kan. 2005) (finding "no valid reason for remanding this case solely because the defendant failed to attach the summons to the notice of removal" because the error "was inadvertent and trivial"); *Agee v. Huggins*, 888 F.Supp. 1573, 1577 (N.D. Ga. 1995) ("Defendant's failure to file the documents complained of by Plaintiff is not grounds for remand. Rather, the subsequent filing of these documents is the proper remedy.").

[4] *See, e.g.*, *Griffin*, 2013 WL 2237974, at *2 (failure to include summons among removal papers was a *de minimis* procedural error curable even after expiration of the thirty-day removal period); *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1219 (D. Kan. 2011) (granting defendant leave to amend notice of removal after failure to include process with the original notice); *Presnell*, 2009 WL 4923808, at *5 ("[A] court may allow amendment of a notice of removal to cure a procedural defect even after the 30-day removal period as long as original federal jurisdiction exists and amendment does not assert a completely

Defendants' error also does not require remand for a second reason: although § 1446(a) clearly places the burden on a defendant to include the correct state court documents with the notice of removal, the Superior Court of the District of Columbia nonetheless automatically transfers a copy of the state court record to the clerk of this Court upon being informed that the removal notice was filed, and that record is promptly scanned and uploaded into the Court's electronic filing system. Thus, by the time plaintiff filed her motion to remand on July 16 complaining about defendants' error, this Court already had received the entire Superior Court record several days prior. *See generally* Original File From State Court, ECF No. 4. As such, not only was there no prejudice to any party from defendants' initial mistake, there was no practical need for defendants even to supplement the original notice of removal because their already-*de minimis* procedural defect was quickly corrected for when the state court documents were transferred and then posted electronically for this Court to access within just a few days of the removal notice being filed.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's motion to remand (ECF No. 8) is **DENIED**, and defendants' motion to amend the notice of removal (ECF No. 10) is **GRANTED**.

Dated:  July 30, 2014                                              RUDOLPH CONTRERAS
                                                                                  United States District Judge

---

new basis for that jurisdiction."); *Woodall v. Ins. Co. of N. Am.*, 582 F. Supp. 247, 248 (N.D. Ga. 1984) (granting defendant leave to amend notice of removal after failure to include a copy of all state court documents with the original notice).

5